

CJ-2022-6172
Bonner

## IN THE DISTRICT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1. JANETTE FRINGER, | ) | CJ-2022-6172 |
| and | ) | Case No. CJ-2022- |
| 2. DEBRA LUCAS, | ) | JURY TRIAL DEMANDED |
| | ) | ATTORNEY LIEN CLAIMED |
| Plaintiffs, | ) | |
| v. | ) | FILED IN DISTRICT COURT |
| | ) | OKLAHOMA COUNTY |
| 1. EPWORTH LIVING, INC., | ) | DEC 1 9 2022 |
| Defendant. | ) | RICK WARREN COURT CLERK |
| | | 109 _____ |

### PETITION

**COME NOW THE PLAINTIFFs** and for their causes of action allege and state as follows:

### PARTIES

1. The Plaintiffs are Janette Fringer and Debra Lucas, both adult residents of Oklahoma County, Oklahoma.

2. The Defendant is Epworth Living, Inc., a domestic company doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiffs assert claims for wrongful termination in the form of age discrimination and retaliation after Plaintiff opposed age discrimination, in violation of the Age Discrimination in Employment Act (ADEA) and Oklahoma's Anti-Discrimination Act (OADA); and wrongful termination in violation of Oklahoma's public policy

1

EXHIBIT 2

as clearly articulated in, *inter alia.*, Oklahoma's Nursing Home Care Act, 63 Okla. St. § 1-1900.1, *et seq*.

4. The conduct giving rise to this action occurred in Oklahoma County, Oklahoma, such that venue is proper in Oklahoma County, Oklahoma.

## **STATEMENT OF FACTS**

5. The Defendant employed at least twenty employees during twenty or more weeks in the current or proceeding calendar year and is an employer under the ADEA. There is no minimum employee requirement to be an employer under the OADA or Oklahoma's public policy doctrine.

6. Plaintiff Fringer (YOB 1947) was employed by the Defendant as a Licensed Practical Nurse (LPN) from around October 2021 until around April 25, 2022.

7. Plaintiff Fringer was qualified for her job and performed satisfactorily.

8. Plaintiff Lucas (YOB 1952) was employed by Respondent as an LPN from around June 9, 2021 until around April 25, 2022.

9. Plaintiff Lucas was qualified for her job and performed satisfactorily.

10. In the early months of 2022 the Defendant began hiring younger LPN and other nursing staff.

11. During this period Defendant began taking away some of the Plaintiffs' job duties and giving such duties to the younger nursing staff.

12. Beginning around early April, both Plaintiffs reported to their supervisors, including Dorothy Joyce (Administrator) that it appeared that Defendant was hiring younger employees to replace the Plaintiffs because Plaintiffs were older.

13. Also during this period the Defendant did not hire sufficient staff and suffered from chronic staffing shortages.

14. As a result, staff members were not properly caring for residents.

15. As an example, around early April 2022 Plaintiffs observed that a Certified Medication Aid (CMA) was logging that the CMA had given mediation to residents when in fact the mediation had not been given.

16. Plaintiffs reported the CMA's conduct to their supervisors, explaining that the CMA's conduct could threaten the safety and lives of the residents who needed, but were not receiving, their medication.

17. Also during this period Defendants reported that the Defendant did not have the legally required number of staff to care for residents.

18. The Oklahoma Nursing Care Act requires a certain amount of staff to be working at the facility during certain periods of time. 63 Okla. St. § 1-1925.2.

19. Plaintiff pointed out to their supervisor the law requiring enough staff, and complained that Defendant was placing the lives and safety of residents in jeopardy by not having sufficient staff on shifts.

20. Despite Plaintiff's complaints, and despite Oklahoma law requiring sufficient staff to care for residents, the Defendant insisted that the Plaintiffs work with insufficient staffing, placing their own licenses at risk and also risking the health and safety of residents.

21. Both Plaintiffs were involuntarily terminated around April 25, 2022.

22. As a direct result of Defendant's conduct the Plaintiffs have suffered, and continue to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm such as worry, frustration, sadness and similar unpleasant emotions.

23. The Plaintiffs have exhausted their administrative remedies by timely filing EEOC charges of discrimination on June 15, 2022. The EEOC issued each Plaintiff a right to sue letter on September 23, 2022 and Plaintiffs received such letters thereafter. This petition is timely filed within ninety (90) days of each Plaintiffs' receipt of their right to sue letters. There is no administrative exhaustion required to bring a claim for violation of Oklahoma's public policy.

## COUNT I

Plaintiffs incorporate the above paragraphs and further allege:

24. Discrimination on the basis of age and retaliation after Plaintiffs opposed age discrimination violate the ADEA.

25. Under this Count the Plaintiffs are entitled to their wage loss (including back, present and front pay along with the value of benefits associated with such wages).

26. Because Defendant's conduct was willful the Plaintiffs are entitled to liquidated damages under the ADEA.

27. Plaintiffs are also entitled to attorney fees/costs, reinstatement and a declaratory judgment finding Defendant's conduct unlawful.

## COUNT II

Plaintiffs incorporate the above paragraphs and further allege:

28. Discrimination on the basis of age, and retaliation for opposing age discrimination, both violate Oklahoma's Anti-Discrimination Act.

29. Under this Count the Plaintiffs are entitled to their wage and benefit loss, along with an equal amount of liquidated damages.

30. Plaintiffs are entitled to liquidated damages under the OADA.

31. Plaintiffs are also entitled to attorney fees/costs, reinstatement and a declaratory judgment finding Defendant's conduct unlawful.

## COUNT III

Plaintiffs incorporate the above paragraphs and further allege:

32. Terminating Plaintiffs in retaliation for reporting unlawful conduct, for refusing to work in an environment that places their nursing licenses in jeopardy and/or for reporting Defendant's placing the health and safety of residents under Defendant's care in jeopardy, violates Oklahoma's clearly established public policy as articulated in, among other things, 63 Okla. St. §§ 1-1904 (Purpose of Nursing Home Care Act is to, among other things, "Protect[] the health, welfare and safety of residents"), 1-1906 (penalties including suspending and revoking license for violation of the Act), 1-1918 (providing for civil and criminal penalties for violation of the Act), and 1-1925.2(B)(providing minimum staffing requirements for facilities).

33. Under this Count the Plaintiffs are entitled to their wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

5

34. Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

35. Plaintiffs are also entitled to attorney fees/costs, reinstatement and a declaratory judgment finding Defendant's conduct unlawful.

**WHEREFORE,** Plaintiffs pray that they be granted judgment on their claims and that he be granted all of their actual damages, together with punitive and/or liquidated damage, interest, costs and fees and such other equitable relief as this Court may deem proper.

**RESPECTFULLY SUBMITTED THIS 19th DAY OF DECEMBER 2022.**

Mark Hammons, OBA No. 3784
Amber Hurst, OBA No. 21231
Hammons, Hurst & Associates
325 Dean A. McGee Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
*Counsel for Plaintiff*